UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEORGE PEARSON, JR.,

    Petitioner,

v.                              Case No: 5:22-cv-389-WFJ-PRL

WARDEN, FCC COLEMAN,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner George Pearson, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. 1. Seeking dismissal of the petition, Respondent asserts that Mr. Pearson has not exhausted his administrative remedies, is not entitled to relief, and no longer has a justiciable case. Dkt. 7. Upon careful consideration, the Court finds that Mr. Pearson's petition is due to be dismissed.

## BACKGROUND

In July 2004, the United States District Court for the Middle District of Florida sentenced Mr. Pearson to 240 months in prison followed by 72 months of supervised release for Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and Possession With Intent to Distribute Cocaine Base. Cr.

Dkts. 119 & 120.[1] In October 2018, Mr. Pearson was released from prison and began his supervised release term, which was eventually modified to terminate in 2027. Cr. Dkts. 378 & 380. However, in early 2022, Mr. Pearson admitted to five violations of his supervised release, including positive urinalyses for cocaine and amphetamines and fraudulent urine testing practices. Cr. Dkt. 401. The district court adjudicated Mr. Pearson guilty of the five violations on March 22, 2022, and sentenced him to nine months in prison with no term of supervised release to follow. *Id.*

Mr. Pearson thereafter began serving his nine-month sentence at the Federal Correction Complex, Low Security Institution, in Coleman, Florida. Dkt. 1 at 1. In late August 2022, Mr. Pearson filed his present § 2241 petition, in which he contends that he should have received "109 days of earned good time credits," making his release date August 26, 2022. *Id.* at 7, 11. Four months later, on December 13, 2022, Mr. Pearson was released from custody and discharged from further jurisdiction of the district court. Dkt. 7-1 at 3–5.

## ANALYSIS

Though Respondent raises a few grounds for dismissal of Mr. Pearson's petition, one is dispositive: justiciability. Pursuant to the case-or-controversy

---

[1] Citations to the docket of Mr. Pearson's underlying criminal case, No. 8:03-cr-343-T-30MSS, will be designated with the prefix "Cr."

requirement of Article III, Section 2 of the United States Constitution, federal courts may only adjudicate "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement subsists through all stages of federal judicial proceedings," meaning that "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotes omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477−78 (1990)). Where it is impossible to grant any effectual relief, a case becomes moot. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012).

At the time Mr. Pearson filed his § 2241 petition in August 2022, there was an actual, ongoing controversy given his status as a federal inmate. However, once Mr. Pearson was released from prison in December 2022 and discharged from the district court's jurisdiction, that controversy ceased to exist. Mr. Pearson has already obtained the only relief his petition seeks: release from custody. *See* Dkt. 1. Accordingly, Mr. Pearson's petition is moot and no longer justiciable. Because "mootness is jurisdictional," dismissal is required. *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004).

## CONCLUSION

Based on the foregoing, George Pearson, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) is **DISMISSED** as moot. The Clerk is directed to enter judgment in favor of Respondent and against Mr. Pearson and close this case.

**DONE AND ORDERED** at Tampa, Florida, on April 11, 2023.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*